UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| ASIA WHEEL CO., LTD.,<br><br>　　Plaintiff,<br><br>　v.<br><br>UNITED STATES,<br><br>　　Defendant. | Court No. 23-00143 |

# COMPLAINT

Plaintiff Asia Wheel Co., Ltd. ("Asia Wheel" or "Plaintiff"), by and through the undersigned counsel, White & Case LLP, alleges and states as follows:

## ADMINISTRATIVE DECISION TO BE REVIEWED

1.　Plaintiff contests the June 7, 2023, Final Scope Ruling issued by the U.S. Department of Commerce ("Commerce"), finding that certain truck wheels produced by Asia Wheel in Thailand fall within the scope of the antidumping duty ("AD") and countervailing duty ("CVD") orders on certain steel wheels 22.5 to 24.5 inches in diameter ("truck wheels") from the People's Republic of China.  *See* Commerce Memorandum, "Final Scope Ruling: Asia Wheel's Steel Wheels Processed in Thailand" (A-570-082, C-570-083) (June 7, 2023) ("Final Scope Ruling").

## JURISDICTION

2.　The Court of International Trade has jurisdiction over Asia Wheel's action pursuant to 19 U.S.C. § 1516a(a)(2)(B)(vi) and 28 U.S.C. § 1581(c).

## STANDING OF PLAINTIFF

3.　Plaintiff is the producer and exporter of the truck wheels subject to the contested determination, and Asia Wheel requested and participated in Commerce's scope inquiry that

resulted in the contested determination. Plaintiff therefore is a party to the proceeding and is entitled to commence this civil action pursuant to 28 U.S.C. § 2631(c) and 19 U.S.C. § 1516a(a)(2)(B)(vi) and (d).

## TIMELINESS OF THIS ACTION

4. On June 7, 2023, Commerce issued the Final Scope Ruling through its Antidumping Duty and Countervailing Duty Centralized Electronic Service System ("ACCESS"). Subsequently, on June 14, 2023, Commerce mailed *via* FedEX, the Final Scope Ruling to all interested parties. The thirtieth calendar day after June 14, 2023, falls on July 14, 2023. Consequently, Plaintiff timely filed its Summons within the deadline set by 19 U.S.C. § 1516a(a)(2)(A)(ii) on July 14, 2023 (*i.e.*, within 30 days after the date of mailing of a determination under 19 U.S.C. § 1516a(a)(2)(B)(vi)).

5. The thirtieth calendar day after July 14, 2023, falls on August 13, 2023. Plaintiff is therefore timely filing this Complaint on August 11, 2023, which is within the deadline set by 19 U.S.C. § 1516a(a)(2)(A)(ii) and Rule 3(a)(2) of the Court (*i.e.*, within 30 days after the filing of the Summons).

## PROCEDURAL HISTORY AND BACKGROUND

6. **The AD/CVD Orders' Scope:** On May 24, 2019, Commerce issued AD and CVD orders on imports of certain steel truck wheels from the People's Republic of China ("China"). *Certain Steel Wheels from the People's Republic of China: Antidumping and Countervailing Duty Orders*, 84 Fed. Reg. 24098 (Dep't Commerce May 24, 2019) ("AD/CVD Orders").

7. Truck wheels are generally for Class 6, 7, and 8 commercial vehicles (as classified by the Federal Highway Administration Gross Vehicle Weight Rating system), including tractors, semi-

trailers, dump trucks, garbage trucks, concrete mixers, and buses. *See* AD/CVD Orders at 24100. A truck wheel consists of two main components: a "rim" and a "disc." The rim serves as the perimeter of the wheel and supports the tire when it is attached to the wheel. The disc serves as the center portion of the wheel without the rim. The rim and the disc are produced from carbon or high strength low alloy hot-rolled steel. The rim and the disc are produced separately, but, ordinarily, they are subsequently welded together to form a wheel (*i.e.*, a permanent assembly of a disc and a rim). The AD/CVD Orders include steel wheels, rims, and discs imported from China. *See* AD/CVD Orders at 24100 ("The scope of the orders covers certain on-the-road steel wheels, discs, and rims for tubeless tires, with a nominal rim diameter of 22.5 inches to 24.5 inches, regardless of width.").

8.   The AD/CVD Orders also include "rims and discs ***that have been further processed in a third country***, including, but not limited to, the welding and painting of rims ***and*** discs ***from China*** to form a steel wheel, or any other processing that would not otherwise remove the merchandise from the scope of the proceeding if performed in China." AD/CVD Orders at 24100 (emphasis added). The AD/CVD Orders expressly include wheels that are produced in a third country by welding ***both*** rims ***and*** discs from China and then imported into the United States.

9.   During the original AD/CVD investigations, Petitioners requested that Commerce clarify the scope of the AD/CVD Orders to include "rims and discs that have been further processed in a third country, including, but not limited to, the welding and painting of rims and discs to from a steel wheel . . . ." *See* Commerce Memorandum, RE: Issues and Decision Memorandum for the

3

Final Determination of the Less-Than-Fair-Value Investigation of Certain Steel Wheels from the People's Republic of China (A-570-082, C-570-083) (Mar. 21, 2019) at 7 ("Final IDM").

10.     In response, Commerce stated that it understood Petitioners' request was that "rims ***and*** discs ***from China*** that have been further processed in a third country into finished steel wheels be included within scope." Final IDM at 12 (emphasis added). Commerce emphasized the title of Petitioners' scope comment to reiterate this position:

> *See* Petitioners' Scope Comments at 4 ("In-Scope *Rims and Discs from China* That Are Assembled into Steel Wheels in a Third Country Should Be Included in the Scope in Any Orders so that They Will Be More Effective").

*Id.* at 12, n.77 (emphasis in original). Consequently, Commerce revised Petitioner's proposed scope language (quoted in paragraph 9 above) to add "from China" after "rims and discs."

11.     ***Asia Wheel's Scope Ruling Request:***  On February 11, 2021, Asia Wheel requested that Commerce issue a scope ruling to confirm that certain truck wheels Asia Wheel produced in Thailand were not covered by the scope of the AD/CVD Orders. Asia Wheel, "Request for Scope Ruling for Asia Wheel's Steel Truck Wheels" (A-570-082, C-570-083) (Feb. 11, 2021) ("Scope Ruling Request"). In the request, Asia Wheel asked Commerce to confirm that truck wheels Asia Wheel produced in Thailand using the following method are not covered by the scope of the AD/CVD Orders:

- Asia Wheel produces rims in Thailand from rectangular steel plates sourced from China or a third country, and welds the Thailand-produced rims to discs sourced from China to assemble truck wheels.

Scope Ruling Request at 6. This production method does not use ***both*** rims ***and*** discs from China.

AMERICAS 124737858

12. Asia Wheel did not request a scope ruling from Commerce because it thought any of these truck wheels were potentially covered by the scope of the AD/CVD Orders.  Rather, Asia Wheel requested a scope ruling because it needed Commerce to confirm this for U.S. Customs and Border Protection ("CBP"), which had initiated an investigation under the Enforce and Protect Act ("EAPA"), 19 U.S.C. § 1517, to determine whether imports of such wheels from Thailand were "evading" the AD/CVD Orders on China (EAPA Investigation No. 7509). Relatedly, on June 9, 2021, CBP issued a "covered merchandise referral" to Commerce under 19 U.S.C. § 1517(b)(4), because CBP was unable to determine whether the truck wheels at issue in EAPA Investigation No. 7509 were "covered merchandise" (*i.e.*, subject to the AD/CVD Orders).

13. ***Commerce's Scope Inquiry*:**  On May 12, 2021, in response to Asia Wheel's Scope Ruling Request, Commerce initiated a scope inquiry.  *See* Commerce, "Initiation of Asia Wheel Scope Inquiry" (A-570-082, C-570-083) (May 21, 2021) ("Scope Inquiry Initiation").

14. On June 10, 2022, Commerce issued a supplemental questionnaire to Asia Wheel and interested parties.  *See* Commerce, "Second Supplemental Questionnaire for the Asia Wheel Co., Ltd. Ruling Request – 22.5 inches to 24.5 inches in diameter" (A-570-082, C-570-083) (June 10, 2022) ("Second Suppl. Questionnaire").  In the questionnaire, Commerce announced that it "intend{ed} to apply a substantial transformation analysis" with respect to the truck wheels at issue, and instructed Asia Wheel to provide factual information with respect to the five factors Commerce normally considers in a substantial transformation analysis.

15. In response, Asia Wheel provided legal arguments, narrative explanations, and supporting documents to demonstrate that the truck wheels at issue satisfied Commerce's

AMERICAS 124737858

substantial transformation factors, such that Thailand was the country of origin. *See* Asia Wheel, "Response to the Request for Information for All Interested Parties and the Second Supplemental Questionnaire for Asia Wheel" (A-570-082, C-570-083) (Aug. 30, 2021) ("Second Suppl. Response"). In short, for the truck wheels at issue, the Chinese-origin discs are substantially transformed in Thailand into finished truck wheels.

16. ***Commerce's Preliminary Scope Ruling***: On December 13, 2022, Commerce issued the preliminary scope ruling. *See* Commerce, "Preliminary Scope Ruling: Asia Wheel's Steel Wheels Processed in Thailand" (A-570-082, C-570-083) (Dec. 13, 2022) ("Prelim. Scope Ruling"). Commerce found that the truck wheels at issue are subject to the scope of the AD/CVD Orders. *See* Prelim. Scope Ruling at 22.

17. Commerce denied that it had determined in the original AD/CVD investigations that only truck wheels produced in a third country with **_both_** rims **_and_** discs from China are covered by the scope of the AD/CVD Orders. *See* Prelim. Scope Ruling at 11. At the same time, however, Commerce concluded that the AD/CVD Orders were ambiguous with respect to whether truck wheels produced in a third country with only one component (rim or disc) originating from China were included. *See* Prelim. Scope Ruling at 12. Consequently, Commerce conducted a "substantial transformation" analysis to determine whether Thailand or China is the country of origin of the finished truck wheels imported into the United States for AD/CVD purposes. Commerce preliminarily determined that the Chinese-origin discs were not substantially transformed in Thailand, such that China was the country of origin of the imported truck wheels at issue. *See* Prelim. Scope Ruling at 20.

AMERICAS 124737858

18.     ***Asia Wheel's Briefing***:  On January 9, 2023, Asia Wheel filed a case brief in the scope proceeding.  *See* Asia Wheel, "Asia Wheel Steel Truck Wheel – Case Brief" (A-570-082, C-570-083) (Jan. 9, 2023) ("Asia Wheel Case Brief").  First, Asia Wheel argued that the plain language of the scope of the AD/CVD Orders, as clarified by Commerce during the original AD/CVD investigations, does not include truck wheels made in a third country using rims ***or*** discs from China (not both).  Second, with respect to substantial transformation, Asia Wheel argued that Commerce's preliminary substantial transformation analysis was fundamentally flawed, because Commerce focused its analysis on the Chinese-origin component (*i.e.*, the disc), and overlooked the finished product imported into the United States.  Third, Asia Wheel argued that, in the event of an affirmative final scope ruling, Commerce should direct CBP to commence suspension of liquidation no earlier than the date of the preliminary scope ruling (December 13, 2022), and not continue any prior suspension imposed by CBP, because importers lacked adequate notice that the truck wheels at issue are covered by the scope of the AD/CVD Orders until that date.  Also in the event of an affirmative scope ruling, Asia Wheel further argued that only the Chinese-origin component (*i.e.*, the discs) should be subject to AD/CVD liabilities.  Finally, Asia Wheel argued that Commerce should implement a certification procedure for non-subject truck wheels (*i.e.*, those produced with Thai-origin rims and Thai-origin discs).

19.     ***Commerce's Final Scope Ruling***:  On June 7, 2023, Commerce issued the Final Scope Ruling.  Commerce continued to find that the truck wheels at issue are subject to the scope of the AD/CVD Orders.  *See* Final Scope Ruling at 34.

20.     Commerce found that it was appropriate to apply a substantial transformation analysis to determine the country of origin of the truck wheels at issue, because "the plain language of the

7

scope is ambiguous" as to whether such wheels – where only the discs originated from China – are covered by the scope of the AD/CVD Orders. Final Scope Ruling at 9. Commerce also continued to find that the Chinese-origin discs did not undergo substantial transformation in Thailand, such that China was the country of origin for the imported truck wheels at issue. *See* Final Scope Ruling at 16-25. Moreover, Commerce stated that it "intend{ed} to instruct CBP to continue the suspension of liquidation for products found to be covered by the scope of the *Orders* if already suspended. Additionally, if liquidation of entries of such products is not already suspended, {it} intend{ed} to instruct CBP to suspend liquidation of entries of products found to be covered by the scope of the *Orders* effective to the date we initiated an inquiry upon Asia Wheel's Scope Ruling Request." Final Scope Ruling at 27 (emphasis added). Commerce also rejected Asia Wheel's argument that only the Chinese-origin component (the disc) should be subject to AD/CVD liability. Final Scope Ruling at 32-33. Finally, Commerce rejected Asia Wheel's request to implement a certification procedure.

## STATEMENT OF CLAIMS

### COUNT 1: COMMERCE'S UNLAWFUL EXPANSION OF THE SCOPE OF THE AD/CVD ORDERS

21. Plaintiff hereby restates and incorporates Paragraphs 6 through 20 by reference.

22. While Commerce may interpret the scope of antidumping and countervailing duty orders, it may not change the scope. *See*, *e.g.*, *Ericsson GE Mobile Comm., Inc. v. United States*, 60 F.3d 778, 782 (Fed. Cir. 1995). An expansion of the scope is impermissible and not in accordance with law. *See*, *e.g.*, *Mitsubishi Elec. Corp. v. United States*, 802 F. Supp. 455, 460 (Ct. Int'l Trade 1992). Here, the plain language of the scope of the AD/CVD Orders on truck wheels from China, as interpreted by Commerce in the original AD/CVD investigations, does

not reasonably include truck wheels manufactured in a third country using either Chinese-origin rims *or* Chinese-origin discs (but not both).  Because Asia Wheel produces truck wheels using only Chinese-origin discs, Commerce unlawfully expanded the scope of the AD/CVD Orders to include these truck wheels.  Therefore, Commerce's final scope ruling is unsupported by substantial evidence and otherwise not in accordance with law.

### COUNT 2:  COMMERCE'S FLAWED SUBSTANTIAL TRANSFORMATION ANALYSIS AND DETERMINATION

23. Plaintiff hereby restates and incorporates Paragraphs 6 through 20 by reference.

24. Commerce unreasonably determined – based on a "substantial transformation" analysis – that China is the country of origin for the truck wheels manufactured by Asia Wheel in Thailand.  Commerce unreasonably concluded that Chinese-origin discs did not undergo substantial transformation when Asia Wheel used them to manufacture truck wheels in Thailand.  Commerce's "substantial transformation" analysis is fundamentally flawed, because Commerce disregarded the finished products – truck wheels – imported into the United States.  Commerce's determination that China is the country of origin for the truck wheels manufactured by Asia Wheel in Thailand is unsupported by substantial evidence and otherwise not in accordance with law.

### COUNT 3:  SUSPENSION OF LIQUIDATION ERROR

25. Plaintiff hereby restates and incorporates Paragraphs 6 through 20 by reference.

26. Commerce unlawfully directed CBP "to continue" to suspend liquidation of imports of Asia Wheel's truck wheels from Thailand, even if the imports were entered before the date of Commerce's preliminary scope ruling or the date of initiation of the scope inquiry.  Under established case law, irrespective of 19 C.F.R. § 351.225(l) (2020), suspension of liquidation

must not commence until importers are provided adequate notice concerning whether certain products are covered by the scope of AD and CVD orders. *See Tai-Ao Aluminum (Taishan) Co. v. United States*, 983 F.3d 487, 497 (Fed. Cir. 2021); *Trans Tex. Tire, LLC v. United States*, 519 F. Supp. 3d 1275, 1288 (Ct. Int'l Trade 2021). Here, in light of the plain language of the scope of the AD/CVD Orders, as interpreted by Commerce during the original AD/CVD investigations, importers of Asia Wheel's truck wheels lacked adequate notice that these wheels were potentially subject to the orders until issuance of Commerce's preliminary scope ruling (December 13, 2022) or, at the earliest, when Commerce initiated the scope inquiry (May 12, 2021).

27.  Furthermore, although 19 C.F.R. § 351.225(l)(1) and (l)(2) instruct that a previous "suspension of liquidation will be continued" if Commerce's scope determination is affirmative, these regulatory provisions apply only when CBP has made a "determination" under 19 U.S.C. § 1500(c) that the products in question are subject to the AD or CVD order. *See Sunpreme Inc. v. United States*, 946 F.3d 1300, 1317-18 (Fed. Cir. 2020). Here, CBP did not determine that the truck wheels manufactured by Asia Wheel in Thailand are subject to the AD/CVD Orders on truck wheels from China; rather, CBP was unable to make that determination and therefore referred the question to Commerce under 19 U.S.C. § 1517(b)(4) (covered merchandise referral). Moreover, CBP's prior suspension of liquidation as an "interim measure" in the EAPA investigation was invalid, because 19 U.S.C. § 1517(e) (interim measures) only applies to "covered merchandise" – a determination CBP did not make.

28.  For these reasons, Commerce's decision to instruct CBP to continue to suspend liquidation – even with respect to imports of Asia Wheel's truck wheels entered before

Commerce's initiation of the scope inquiry or issuance of the preliminary scope ruling – is not in accordance with law.  Rather, Commerce should have directed CBP to commence suspension of liquidation no earlier than May 12, 2021 (the initiation date) or December 13, 2022 (the preliminary scope ruling date).

## COUNT 4:  UNLAWFUL EXPANSION OF AD/CVD LIABILITY

29. Plaintiff hereby restates and incorporates Paragraphs 6 through 20 by reference.

30. The scope of the AD/CVD Orders "includes *rims and discs* that have been further processed in a third country . . . ."  AD/CVD Orders at 24100 (emphasis added).  With respect to Asia Wheel's truck wheel, a Chinese-origin *disc* is further processed in Thailand; consequently, only the disc component could be covered by the AD/CVD Orders.  Commerce, however, determined that the entire wheel manufactured in Thailand is subject to AD/CVD liability.  Commerce's determination is inconsistent with the plain language of the scope and, therefore, not in accordance with law.  Commerce's determination is also inconsistent with its "substantial transformation" analysis and, therefore, unsupported by substantial evidence.

## PRAYER FOR RELIEF AND JUDGMENT

WHEREFORE, Plaintiff respectfully requests that the Court:

  (A)  Enter judgment in favor of Plaintiff;

  (B)  Hold that Commerce's Final Scope Ruling is not in accordance with law and unsupported by substantial record evidence with respect to the claims advanced in this Complaint;

  (C)  Remand the Final Scope Ruling to Commerce for determination consistent with the opinion of this Court; and

(D) Grant Plaintiff such additional relief as the Court may deem just and proper.

Respectfully submitted,

/S/ Jay C. Campbell
Walter J. Spak
Jay C. Campbell
Chunfu Yan

WHITE AND CASE LLP
701 Thirteenth Street, NW
Washington, DC 20005
(202) 626-3600

Date: August 11, 2023